[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants have moved to strike Counts Three, Four, Six, Seven, Eight, Nine and Ten of the Revised Complaint. As to Counts Three and Four, which allege breach of implied contract by the individual defendants, Nancy Knox and Janice Yusza, and Counts Six and Seven, alleging breach of the covenant of good faith and fair dealing as to those defendants, the plaintiff has stated in her memorandum in opposition that she does not contest the plaintiffs motion as to those counts. Accordingly, that motion to strike as it effects Counts Three, Four, Six and Seven is granted.
As to Counts Eight, Nine and Ten, each of these allege negligent infliction of emotional distress by each of the named defendants. A review of these counts reveals that each count fails to state an element of the tort of negligent infliction of emotional distress, namely that the defendants knew or should have known that their conduct would cause physical illness or bodily injury. On that basis alone, all three counts should be stricken.
Moreover, the defendants argue that as alleged, the facts do not support a claim of negligent infliction of emotional distress because the conduct complained of does not rise to the level of "extreme and outrageous." The defendants are correct. CT Page 9401
The termination of the employee itself cannot sustain a claim for infliction of emotional distress. Parsons v. United TechnologiesCorporation, Sikorsky Aircraft Division, 243 Conn. 66, 89 (1997). Whether a defendant's conduct is sufficiently extreme and outrageous to sustain a claim of infliction of emotional distress is an issue for the court to decide. Appleton v. Board of Education, 254 Conn. 205, 210 (2000). "Extreme and outrageous" conduct is "that which exceeds all bounds usually tolerated by decedent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991). A review of the various trial and appellate court decisions involving "extreme and outrageous" conduct suggests that the allegations here, an accusation that the plaintiff "falsified" records and the refusal to consider the plaitniff's appeal, fall far short of the sort of conduct which has been found to meet the standard.
For all of these reasons, the motion to strike is in its entirety.
Jonathan E. Silbert, Judge